Steven M. McCarthy, Esq., OSB 081030
McCARTHY LAW OFFICES
1265 Highway 51
Independence, OR 97351
(503) 763-1888/2888 fax
Steve@McCarthyLegal.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DANNA SIROIS, REX DONALDSON, ED and KD, minors, by and through their guardian ad litem DANNA SIROIS,<br><br>     Plaintiffs,<br><br>  v.<br><br>WILLAMETTE TERRACE PROP. LLC, PLOTKIN PROPERTIES LLC, BUNTING MANAGEMENT GROUP, RUSHING REAL ESTATE, INC., and DOES 1-20, inclusive<br><br>     Defendants.<br>_____ | CASE NO.<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Breach of Warranty of Habitability<br>2. Breach of Contract & Covenant<br>3. Fraud in the Inducement<br>4. Negligence<br>5. Maintenance of a Nuisance<br>6. Infliction of Emotional Distress<br>7. Negligence re Emotional Distress<br>8. Constructive Eviction<br>9. Unlawful Trade Practices<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, Danna Sirois, Rex Donaldson, and their minor children ED and KD, for their Complaint against Defendants Willamette Terrace Prop LLC, Plotkin Properties LLC, Bunting Mgmt Group, and Rushing Real Estate, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, because the parties are of diverse citizenship and the amount in controversy is greater than $75,000. The court also has supplemental jurisdiction of the state court claims pursuant to 28 U.S.C. §§1367, 2201 and 2202. Plaintiffs' state law claims are related to Plaintiffs' federal law claims, such that those claims form part of the same case or controversy under Article III of

COMPLAINT                        Page 1

the United States Constitution.  Venue is proper because the events and occurrences alleged in this complaint took place at the Willamette Terrace Apartment Complex in Salem, Oregon.

**PARTIES**

2.    Plaintiff Rex Donaldson is a US Army combat veteran of the Iraq War, where he met Plaintiff Danna Sirois, a member of the National Guard.  They are domestic partners domiciled in the State of Florida, but at all relevant times herein resided at the Willamette Terrace Apartments located at 357 Owens St S, in Salem, Oregon.  They are the biological parents of ED, their minor daughter (dob 1/14/2010) and KD, their minor son (dob 9/26/2011).

3.    Defendant Willamette Terrace Properties, LLC, is an Oregon domestic limited liability partnership, duly licenced by the Oregon Secretary of State, no. 212593-95, and is at all relevant times mentioned herein was, a record owner of the Willamette Terrace Apartment Complex subject of this complaint. Its principal place of business is 2677 Willakenzie Road,  Suite #3, Eugene, OR 97401 with Bunting Mgmt Group.

4.    Defendant Plotkin Properties, LLC, is an Oregon domestic limited liability partnership, duly licensed by the Oregon Secretary of State, no. 221539-93, and is at all relevant times mentioned herein was, a record owner of the Willamette Terrace Apartment Complex subject of this complaint.

5.    Defendant Bunting Management Group, Inc., is a Oregon domestic business corporation, duly licenced by the Oregon Secretary of State, no. 240731-81, and the Oregon Department of Real Estate, no. 910600290; and is at all relevant times mentioned herein was, a property management company, managing over 3200 residential units in the states of Oregon, Washington, Utah, and California, including  the Willamette Terrace Apartment Complex subject of this complaint. Its principal place of business is 2677 Willakenzie Road, Suite #3, Eugene, OR 97401.

6.    Defendant Rushing Real Estate, Inc., is a Oregon domestic business corporation, duly licensed by the Oregon Secretary of State, no. 790928-89, and the Oregon Department of Real Estate, no. 200102132; and is at all relevant times mentioned herein was, a property

management company, also managing the Willamette Terrace Apartment Complex subject of this complaint. Its principal place of business is 3110 25th St. SE, Salem, OR 97302.

7.    Defendants DOES 1-20, are each responsible in some manner for the injuries and damages to Plaintiffs alleged herein. The true names and capacities of said defendants are presently unknown to Plaintiffs.  Plaintiffs are informed and believe and thereon allege, that each of them is an Oregon domicile and responsible in some manner for the injuries and damages complained of herein.  Plaintiffs will amend this complaint to add their true names and capacities when the same have been ascertained.

8.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, named and fictitiously named, were agents of one another, and of responsible parties whose identities are presently unknown, and in doing the things alleged herein, were acting in the course and scope of such agency, and with the express or implied consent, permission, authority, and at the instance and direction of one another; and that they acted in concert and in a common design to commit the breaches, representations, misfeasances and tortious conduct alleged herein, and in doing or not doing the things alleged herein, acted within the course and scope of said concerted effort and with the express or implied knowledge and consent of one another and each of them, and with the knowledge, actual or constructive, that the conduct of each defendant was tortious or in breach of duty to Plaintiffs and/or Plaintiffs' charge.  By reason of such conspiracy and concerted effort Plaintiffs have been damaged as alleged.  Accordingly, Defendants and each of them are liable jointly and severally  to Plaintiffs.

**FACTS**

9.    The Willamette Terrace Apartment Complex is located at 357 Owens Street S, Salem, Oregon.  On December 6, 2011, plaintiffs signed a one-year lease for an apartment in the Willamette Terrace Apartment Complex.  Plaintiffs took possession of the property immediately thereafter.

10. Shortly after taking possession of the property, plaintiffs discovered a mold infestation in the apartment and water leaking from the ceiling.  Plaintiffs made several

COMPLAINT                                                                                               Page 3

maintenance requests and complaints to the manager of the property.

11. On February 21, 2012, apartment manager asked plaintiffs to move into a different apartment within the Willamette Terrace Apartment Complex due to the mold and leaking ceiling conditions. Shortly after settling in the new apartment, plaintiffs discovered a significant mold outbreak in the new apartment as well.

12. As a direct and proximate result of the continuous exposure to the mycotoxins and bacteria at the premises, Plaintiffs, and each of them, suffered various degrees of physical disturbances, illness, injury, discomfort, nausea, annoyance, emotional upset and distress, all to their general damage for each day that each Plaintiff occupied the premises; but particularly the minor KD, who suffered and continues to suffer the deleterious effects of the conditions on the premises, including serious chronic respiratory and autoimmune problems which required and will continue to require medical care and intervention, and limit her capacity to engage in various ordinary activities of daily living, all in amounts, which are at present unknown to Plaintiffs, but will be adduced at trial. As to KD alone, the costs of his future care will well exceed the jurisdictional minimum.

13. By mid April, 2012, Plaintiffs realized the consequences of living at the subject premises; that the conditions thereof were unhealthful and deleterious to their health, wellbeing, and etc.; and were thereby forced to vacate.

14. In addition to the foregoing, Plaintiffs suffered economic losses as and for the costs of moving in the approximate amount of $551, the destruction of their property by reason of the mold on the premises, including, among other things, 2 Twin Size Mattresses and 1 box spring, $450.00; 1 California King size Pillowtop Mattress, $600.00; 1 suit case with wheels, $70.00, lost income $504.; and replacement housing and related costs.

**I**

**FIRST CAUSE OF ACTION**
**BREACH OF WARRANTY OF HABITABILITY**

15. Plaintiffs incorporate by reference as though fully set forth, the General Allegations of Paragraphs 1-14, inclusive.

COMPLAINT                                                                 Page 4

16. Defendants, and each of them, at the time of the making of the lease agreement alleged herein, expressly and impliedly warranted that the premises were habitable, both orally and according to said agreement.

17. In accordance with the rental agreement as aforesaid, Plaintiffs entered into possession of the premises as aforesaid and continued to occupy them until they were constructively evicted and required to vacate.

18. At the times Defendants rented the premises to Plaintiffs, the premises were unfit for human occupation in that they substantially failed to comply with those applicable building and housing code standards including, but not limited to those identified in ORS 90.320, that materially affect the tenant's health and safety: defective plumbing, including leaking fixtures, and other water supply and drainage facilities; improper and inadequate weather protection, including leaking roofs, windows, and doors, rotten and deteriorated structural members; improper ventilation facilities, and other conditions precipitating mold and bacteria; resulting incursion of water inside the premises, soaking carpets, damaging furniture, and causing noxious odors, mycotoxins, mold, bacteria, and other unhealthy conditions. None of these conditions were known to Plaintiffs at the times Plaintiffs moved into the premises, nor was there any method by which Plaintiffs could themselves abate the conditions.

19. From and after the dates Plaintiffs moved into the premises, Plaintiffs became increasingly aware of the defective and dangerous conditions listed above, and repeatedly notified Defendants and their agents both orally and in writing, of the defective and dangerous conditions described in this complaint and requested that said Defendants have them repaired, but Defendants failed and refused to repair them, or any of them, or to have them or any of them repaired, within a reasonable time or at all.

20. Plaintiffs paid Defendants rent according to their rental agreements each month that they occupied the premises, in the amount of $650, together with a security deposit.

21. The premises as they existed in their defective and dangerous condition had no rental value whatsoever as a result of their defective, dangerous, and uninhabitable condition.

22. As a proximate result of Defendants' breach of the warranty of habitability and

COMPLAINT                                                                 Page 5

their failure to repair the defective and dangerous conditions or to have them repaired within a reasonable time or at all, Plaintiffs sustained general damages in the amounts equal to 100% of the total rents paid for the total period of time Plaintiffs had possession of the subject premises together with the unreimbursed security deposit, together with interest thereon from the dates each installment was paid, in addition to consequential economic and non-economic damages as alleged hereinabove at Paragraphs 12-14, inclusive.

23. As a further proximate result of Defendants' breach as aforesaid, Plaintiffs suffered illness, injury, discomfort, nausea, annoyance, general malaise, emotional upset and distress, all to their general damage for each day that each Plaintiffs occupied the premises, in the amount of $150,000. Plaintiff KD suffered serious, debilitating, and continuing respiratory problems which required and will continue to require medical care and intervention in amounts which are at present unknown to Plaintiffs, but will be adduced at the trial hereof.

24. According to the terms of the rental agreements between Defendants and all adult Plaintiffs herein and ORS 90.255, Plaintiffs are entitled to recover attorneys fees and costs required in the prosecution of their claims or arising from any and all matters relating to the premises.

**II**

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT AND COVENANT**

25. Plaintiffs reallege and incorporate herein by reference as though fully set forth, Paragraphs 1-14 of the General Allegations, and Paragraphs 18-24 of the First Cause of Action.

26. Plaintiffs have performed all the terms and conditions imposed upon them and according to their rental agreement, and paid Defendants rent each month or portion thereof that they occupied the premises.

27. From and after the date Plaintiffs moved into the premises pursuant to the rental agreement, Defendants breached the said agreement and breached the implied covenant of good faith and fair dealing by failing to repair such dilapidations to the premises as were the subject of Plaintiffs' complaints to them and as alleged herein.

COMPLAINT                                                                                    Page 6

28.  As a direct and proximate result of Defendants' breaches, Plaintiffs have suffered damages as alleged herein at Paragraph 12-14 and 22-24, including the payment of rent for which there was no adequate consideration, and incurred damages and losses as set forth hereinabove, and have expended substantial time, effort, and money in efforts to mitigate such damages as were created by the said breaches.

### III

### THIRD CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT

29.  Plaintiffs hereby incorporate the General Allegations of Paragraphs 1-14, Paragraphs 9-19 of the First Cause of Action, and Paragraphs 21-24 of the Second Cause of Action, as though fully set forth herein.

30.  At the time of Plaintiffs' application as tenants of the premises, Defendants expressly and impliedly represented to Plaintiffs, both orally and in writing, and in order to further their own pecuniary interests and to induce reliance thereon by prospective tenants, including Plaintiffs, that the premises had been inspected prior to the commencement of the rental agreement and that they identified no damp or we building materials, know of no mold, mildew, or other fungus growth, and that the premises were suitable for the purposes for which they were intended as a residential dwelling.

31.  The above representations were false and were known to be false by Defendants at the time made.  The true facts were that the Defendants either had been aware of serious problems with the premises by reason of the inspection thereof, failed remediation attempts, continuing complaints of tenants, or did not inspect the premises for the serious deficits complained of herein; and recognized the likelihood that prospective tenants, including Plaintiffs, would not discover the conditions subject hereof before entering into binding contracts.

32.  At the time the aforesaid representations were made and at the time Plaintiffs relied thereon and entered into their rental agreements, they were ignorant of the falsity of Defendants' representations.  Had Plaintiffs known of the true facts or of the consequences they would suffer by reason of the condition of the premises, they would not have done so.

COMPLAINT                                                                                                Page 7

33. As a direct result of the fraud of Defendants, Plaintiffs in fact did enter into the rental agreement and performed all covenants and conditions thereof, including the payment of rent; and have been damaged thereby as alleged herein and in such amounts as are alleged herein or will be demonstrated according to proof at the trial hereof.

## IV

### FOURTH CAUSE OF ACTION
### NEGLIGENT MAINTENANCE OF THE PREMISES

34. Plaintiffs hereby incorporate the General Allegations of Paragraphs 1-14, Paragraphs 22-24 of the First Cause of Action, and Paragraphs 21-24 of the Second Cause of Action, as though fully set forth herein.

35. Under the provisions of, inter alia, ORS 90.320, Defendants were required to put the premises in a condition fit for human occupation before renting them and to repair all subsequent dilapidations that rendered the premises untenantable, other than those caused by the want of ordinary care of a tenant.

36. At the time Defendants rented the premises to Plaintiffs, Defendants so negligently owned, managed, maintained, and repaired the premises as to cause them to be unfit for human occupation in that the premises substantially failed to comply with those applicable building and housing code standards that materially affect the health and safety of the tenants, to wit: all of the deficits identified in Paragraph 18.

37. As a proximate result of Defendants' negligence as alleged above, the premises were, at the time Plaintiffs took possession, uninhabitable and unfit for human occupation in that, among other things, all of the deficits identified in Paragraph 18 existed and became manifest regardless of the occurrence of inclement weather, various plumbing fixtures and repairs thereof failed, and unhealthy mold, mildew, and fungus growths infested the premises unabated. None of these conditions were known to Plaintiffs at the time Plaintiffs took possession of the premises.

38. From and after the dates Plaintiffs moved into the premises, Plaintiffs became increasingly aware of the defective and dangerous conditions listed above, among others, and repeatedly notified Defendants, both orally and in writing of the defective and dangerous

COMPLAINT                                                                                          Page 8

conditions described in this complaint and requested that Defendants have them repaired, but Defendants failed and refused to repair them, or any of them, or to have them or any of them adequately repaired, within a reasonable time or at all.

39. As a further direct and proximate result of the foregoing, Plaintiffs suffered injury to their persons, in varying degrees, property damage, and economic loss as alleged hereinabove.

40. As a proximate result of Defendants' negligence, Plaintiffs were required to suffer the conduct of Defendants as set forth hereinabove, including, but not limited to the continual habitability failures as alleged herein, the continual failure of Defendants to make meaningful efforts to repair the same, the stench in and about the premises, the failure of weather protection and resulting incursion of water inside the premises, soaking carpets, damaging furniture, and causing noxious odors; and as a result of these, inter alia, Plaintiffs suffered extreme mental anguish and emotional and physical distress which exacerbated and aggravated the stress already suffered by the adult Plaintiffs in combat in Iraq, in addition to their general damage as set forth hereinabove or as will be demonstrated according to proof at the trial hereof.

## V

### FIFTH CAUSE OF ACTION
### MAINTENANCE OF NUISANCE

41. Plaintiffs hereby incorporate the Plaintiffs reallege and incorporate herein by reference as though fully set forth, Paragraphs 1-14 of the General Allegations, and Paragraphs 18-24 of the First Cause of Action.

42. The defective and dangerous conditions of the premises as alleged in this complaint constituted and continue to constitute a nuisance within the meaning of, inter alia, ORS 105.505, in that they created a health hazard to Plaintiffs and interfered with Plaintiffs' comfortable enjoyment of the dwelling and of Plaintiffs's personal property within the dwelling, and deprived Plaintiffs of the safe, healthy, and comfortable use of the premises.

43. As a proximate result of Defendants' maintenance of the nuisance, Plaintiffs suffered injury and damage as alleged hereinabove, all to their general and special damage for each day or part thereof Plaintiffs occupied the premises.

COMPLAINT                                                                     Page 9

44.  In maintaining the nuisance, Defendants acted with full knowledge of the consequences thereof and of the damage being caused to Plaintiffs.  Despite this knowledge, Defendants failed to abate the nuisance by repairing the defective and dangerous conditions of the premises or causing them to be repaired.  The failure to act was both oppressive and malicious in that it subjected Plaintiffs to cruel and unjust hardship in willful and conscious disregard of Plaintiffs's rights and safety.  Plaintiffs have no information or belief as to whether Defendants have abated or caused to be abated the conditions complained of herein in derogation of the rights of subsequent tenants.

## VI

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiffs reallege and incorporate herein by reference as though fully set forth, Paragraphs 1-14 of the General Allegations, Paragraphs 18-24 of the First Cause of Action, Paragraphs 21-23 of the Second Cause of Action, Paragraphs 30-33 of the Third Cause of Action, Paragraphs 40-44 of the Fifth Cause of Action, as though fully set forth herein.

46.  Defendants' failure to put the premises into a condition fit for human occupation before renting them to Plaintiffs, coupled with their repeated refusals to repair the defects or to have them repaired when requested by Plaintiffs to do so or at all, as alleged in this complaint, were knowing, intentional, and willful and done with a deliberate and intentional disregard of the high probability of causing Plaintiffs illness and emotional distress.

47.  As a proximate result of Defendants' conduct, as alleged in this complaint, Plaintiffs suffered extreme mental anguish and emotional and physical distress which exacerbated and aggravated the stress already suffered by the adult Plaintiffs in combat in Iraq, in addition to their general damage as set forth hereinabove or as will be demonstrated according to proof at the trial hereof.  The minor Plaintiffs' emotional distress damages are limited to the natural consequences of the tortious conduct of Defendants.

48.  The conduct of Defendants was knowing, intentional, wilful, malicious, oppressive, and in conscious disregard of the rights and safety of Plaintiffs, and therefore Plaintiffs are entitled to recover, in addition to all other relief sought herein, damages by way of punishment and example.

COMPLAINT                                                                                    Page  10

## VII

### SEVENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49.  Plaintiffs reallege and incorporate herein by reference as though fully set forth, Paragraphs 1-14 of the General Allegations, Paragraphs 18-24 of the First Cause of Action, Paragraphs 21-23 of the Second Cause of Action, Paragraphs 30-33 of the Third Cause of Action, Paragraphs 40-44 of the Fifth Cause of Action, and Paragraph 47 of the Sixth Cause of Action as though fully set forth herein.

50.  Defendants' failure to put the premises into a condition fit for human occupation before renting them to Plaintiffs and their repeated failure to repair the defects or to have them repaired when requested by Plaintiffs to do so or at all, as alleged in this complaint, was negligent and done with a careless and reckless disregard of the probability of causing Plaintiffs emotional distress.

51.  As a proximate result of Defendants' conduct, as alleged in this complaint, Plaintiffs suffered extreme mental anguish and emotional and physical distress by reason of, inter alia, the facts set forth hereinabove.

## VIII

### EIGHTH CAUSE OF ACTION
### PARTIAL AND TOTAL CONSTRUCTIVE EVICTION

52.  Plaintiffs reallege and incorporate herein by reference as though fully set forth, Paragraphs 1-14 of the General Allegations, Paragraphs 18-24 of the First Cause of Action, Paragraphs 21-23 of the Second Cause of Action, Paragraphs 30-33 of the Third Cause of Action, Paragraphs 40-44 of the Fifth Cause of Action, as though fully set forth herein.

53.  As Defendants failed and refused to repair or cause to repair and abate the mold conditions complained of herein, Plaintiffs were prevented from the use of the all or portions of the premises and, unable and unwilling to further tolerate the aforesaid conditions rendering their units unfit for human occupation, were required to and did vacate the premises.

54.  As a proximate result of Defendants' conduct as alleged in this complaint,

COMPLAINT

Plaintiffs suffered moving and related costs in addition to the other damages herein alleged.

55. As a further proximate result of Defendants' conduct as alleged in this complaint, said Plaintiffs were required to and did take time off from their usual occupations, and incurred lost wages and costs as and for moving expenses.

## X

### NINTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES

56. Plaintiffs hereby incorporate all previous allegations herein as though fully set forth.

57. In the operation of the business of producing income from residential dwelling units, Defendants, their principals, agents, employees, and managers, continuously and repeatedly among other things and including all of the allegations of this complaint:  (1) misrepresented the nature and character of the rental properties to prospective tenants, (2) failed to disclose known deficits and substandard conditions; (3) exacted rental agreements upon terms that are oppressive and unfair in view of the deteriorated conditions of the properties; (4) deliberately failed and refused to acknowledge, repair or otherwise affirmatively abate conditions subject of complaints regarding the premises; (5) attempted to hold tenants liable for damages subject of the said complaints before or after termination of their tenancies without any justifiable cause other than pecuniary interest; and (6) failed to return and/or account for security deposits.

58. Plaintiffs are informed and believe and thereon allege that Defendants performed the above-mentioned acts for the purpose of minimizing costs of repair and replacement of dilapidated facilities and dwellings, in violation of the Unlawful Trade Practices Act, ORS Title 50 section 646.605 et seq., entitling Plaintiffs to void the contracts, to recover actual damages, punitive damages, restitution of property and reasonable attorney fees and costs.

59. As a proximate result of the above-mentioned acts of Defendants, Plaintiffs have suffered damages as herein alleged.

COMPLAINT                                                                    Page  12

## DEMAND FOR JURY TRIAL

Plaintiffs herewith demand a trial by jury on all issues in this action.

## RIGHT TO AMEND

Plaintiffs reserve the right to amend their complaint to include such additional causes of action and defendants as may appear, and to seek punitive damages as the law allows.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays judgment against Defendants and each of them as follows:

1. For a permanent injunction, all enjoining Defendants from engaging in unfair business practices in the renting of residential dwellings, including the misrepresentation of the state of repair, and unwarranted retention of security deposits.

2. For general and non-economic damages for each day that appropriate Plaintiffs occupied the premises or otherwise, in the amount of $150,000 for each Plaintiff or according to proof;

3. For special and economic damages, including costs of past health care in the amount of $75,000, together with future health care costs in the amount of $250,000 or according to proof; for damage to and loss of personal property in the amount of $1,624, and for moving and storage expenses in the amount of $551;

4. For attorneys fees and costs according to statute and contract;

5. For damages by way of punishment and example in the amount of $1,000,000;

6. For such other and further relief as the court may deem proper.

Dated: December 5, 2012                    McCarthy Law Offices


/s/
_____
Steven M. McCarthy, Esq.
Attorney for Plaintiffs